| | |
|---|---|
| DANIEL LOW, SBN 218387<br>dlow@kotchen.com<br>DANIEL KOTCHEN (*pro hac vice*)<br>dkotchen@kotchen.com<br>KOTCHEN & LOW LLP<br>1918 New Hampshire Ave. NW<br>Washington, DC 20009<br>Telephone: (202) 471-1995<br>Facsimile: (202) 280-1128<br><br>*Attorneys For Plaintiff and the Putative Class* | BRIAN D. BERRY, SBN 22983<br>brian.berry@morganlewis.com<br>ROSHNI C. KAPOOR, SBN 229893<br>roshni.kapoor@morganlewis.com<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br>Facsimile (415) 442-1001<br><br>ASHLEE N. CHERRY, SBN 312731<br>ashlee.cherry@morganlewis.com<br>1400 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 843-4000<br>Facsimile (650) 843-4001<br><br>*Attorneys For Defendant* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT TAUB,<br><br>               Plaintiff,<br><br>   v.<br><br>TESLA, INC.,<br><br>               Defendant. | Case No. 3:25-cv-07785-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hon. Vince Chhabria<br><br>Date:   March 13, 2026<br>Time:  10:00 a.m. PT (virtual) |

**JOINT CASE MANAGEMENT STATEMENT**

Plaintiff Scott Taub ("Plaintiff") and Defendant Tesla, Inc. ("Tesla" or "Defendant") (hereinafter, the "Parties") submit this Joint Case Management Statement.

1. <u>Jurisdiction and Service</u>: This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 1981(a). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) as the matter is a putative class action with an amount in controversy of greater than $5 million, exclusive of interest and costs, and involves at least one class member who is a citizen of a state and is brought against a corporation that is a citizen of a different state. No issues exist regarding personal jurisdiction and venue, and all parties have been served.

2. <u>Facts</u>:

   a. **Plaintiff's Statement of Facts**

   Plaintiff brings this class action lawsuit to remedy ongoing and pervasive citizenship discrimination by Tesla in its hiring and termination/retention decisions. Compl. at 1, ¶ 4 (Dkt. 1). Tesla is an American multinational automotive and clean energy company that employs approximately 70,000 workers in the United States. *Id*. ¶¶ 1-2. Plaintiff alleges that Tesla prefers to hire visa employees over U.S. citizens, in violation of 42 U.S.C. § 1981, because it can pay those workers less than Americans, a practice known in the industry as "wage theft," and that for the U.S. citizens it does hire, those individuals are disfavored by Tesla in its termination/retention decisions. *Id*. ¶¶ 3-4, 30.

   Over the past five years, Tesla has experienced rapid growth in the U.S., particularly in its automotive segment, which has required Tesla to hire thousands of employees domestically. *Id*. ¶¶ 18-20. While visa workers make up just a fraction of the U.S. labor market, Plaintiff alleges that Tesla prefers to hire visa workers—particularly those on H-1B visas—who it then slots into specialized roles in engineering, research, and design. *Id*. ¶¶ 3, 21, 26. While Tesla is required by law to pay H-1B visa employees at least as much as other individuals with similar qualifications, work, and experience, Tesla underpays its H-1B visa employees (who do not speak out against Tesla's practices as the company retains considerable control over these employees as their visa sponsor). *Id*. ¶ 22.

   Plaintiff alleges that Tesla effectuates its discriminatory hiring practices in favor of visa employees by utilizing its own recruiters, as well as third-party recruiters, to specifically seek out and

hire visa workers directly from the U.S. labor market. *Id.* ¶ 24. Plaintiff also alleges that Tesla utilizes third-party vendors, including Max Eleven and others, that provide it with visa workers who work out of Tesla's facilities as contractual employees. *Id.* ¶ 25. While the third-party vendors sponsor those contractual employees' visas, Tesla maintains considerable control over the workers, including with respect to interviewing, hiring, day-to-day supervision, and termination decisions, such that Tesla is a joint employer of the vendor's visa workers. *Id.* ¶ 25.

Plaintiff's experience is representative of Tesla's pervasive pattern or practice of discrimination against U.S. citizens. Plaintiff Taub is a U.S. citizen with over twenty years of professional experience. *Id.* ¶¶ 5, 32. On September 15, 2023, Mr. Taub was deterred from applying to a QA Automation engineering role servicing Tesla after being contacted by Max Eleven, a third-party staffing vendor for Tesla, as the Max Eleven recruitment email bluntly stated that the Tesla position was for "H1B only." *Id.* ¶¶ 33-35.

b. **Defendant's Statement of Facts**

Taub is a U.S. citizen who claims Defendant declined to hire him because of his citizenship, in violation of 42 U.S.C. § 1981 ("Section 1981"), because it allegedly prefers to hire H-1B visa workers instead of U.S. citizens. Plaintiff alleges his Section 1981 claim on behalf of himself and a sprawling class of individuals who are U.S. citizens and either (1) applied to Defendant directly or through a third-party vendor and were not hired or (2) were terminated by Defendant.

Plaintiff's claims lack merit. Defendant is an equal opportunity employer that does not discriminate on the basis of citizenship or any other category protected by law. Defendant expressly denies that it discriminated against Plaintiff or any putative class member on the basis of their citizenship or otherwise engaged in any unlawful conduct.

c. **Principal Factual Issues in Dispute**

  i. Plaintiff's Statement

The principal factual issue in dispute is whether Tesla discriminated against U.S. citizens on the basis of citizenship in its hiring and termination/retention decisions.

  ii. Defendant's Statement

Pursuant to the Court's Order on Tesla's Motion to Dismiss and Strike, the threshold factual issue is whether there is factual support for Taub's allegation that Tesla discriminated against him for the position advertised in the Max Eleven email. Dkt. 44 (Order at 3).

3. <u>Legal Issues</u>:
   a. "Whether Taub himself was discriminated against on the basis of citizenship for the position advertised in the Max Eleven email." Dkt. 44 (Order at 3).
   b. Whether Defendant intentionally discriminated against U.S. citizens in its hiring and termination practices in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981").
   c. Whether Defendant's affirmative defenses defeat or limit any purported liability.
   d. Whether Plaintiff's claims are suitable for resolution on a class-wide basis, pursuant to Federal Rule of Civil Procedure 23.
   e. Whether Plaintiff or any putative class members are entitled to recover any damages, such as compensatory, exemplary, or punitive damages, and the amount of damages they are entitled to recover.
   f. Whether Plaintiff and the putative class members are entitled to front- or back- pay, reinstatement, or other equitable or injunctive relief (and if so, in what form).
   g. Whether Plaintiff and the putative Class are entitled to expenses, fees, or other forms of relief.

4. <u>Motions</u>: Tesla filed a Motion to Dismiss or Strike on November 7, 2025 (Dkt. 17), which was granted in part and denied in part on February 23, 2026. Dkt. 44.
   a. <u>Plaintiff's Statement</u>

   Plaintiff anticipates filing some or all of the following motions: (1) a Rule 23 Motion for Class Certification, (2) discovery-related motions (as necessary), (3) and pre-trial motions. Plaintiff intends to oppose Defendant's motion for summary judgment.

   b. <u>Defendant's Statement</u>

   At the conclusion of the initial period of discovery limited to the position advertised in the Max Eleven email, Defendant anticipates filing a motion for summary judgment against Taub on his individual claims, which, if granted, would fully resolve the case and moot any class certification issues. Defendant anticipates filing discovery-related motions and pre-trial motions as needed.

5. <u>Amendment of Pleadings</u>: Plaintiff does not anticipate amending the complaint at this time. The parties propose a May 15, 2026 deadline for Plaintiff to seek leave to file any future amendments.

6. <u>Evidence Preservation:</u> The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

7. <u>Disclosures:</u>

The parties have not yet exchanged their initial disclosures, but have agreed to exchange initial disclosures on or before March 20, 2026.

Defendant proposes that the parties exchange initial disclosures limited to the Max Eleven issue (*see* Legal Issue 3(a)).

8. <u>Discovery</u>: No discovery has been taken to date, and no discovery disputes currently exist. The Parties anticipate entering into a stipulated protective order based on the Northern District's model protective orders.

    a. <u>Plaintiff's Anticipated Discovery</u>

In its February 23, 2026 Order, the Court directed that discovery be "limited to the question of whether [Mr.] Taub himself was discriminated against on the basis of citizenship for the position advertised in the Max Eleven email[.]" Dkt. 44 at 3. In that Order, the Court suggested that "[t]he recruiter's statement 'H1B only' seem[ed] to be in response to a question that Taub asked," but that, if the Court's suspicion was correct, "the plaintiffs did not include Taub's question." *Id.* at 2. The Max Eleven email that was provided to the Court (Dkt. 40-1) reflects the entirety of the communication between Mr. Taub and Max Eleven. Mr. Taub did not ask Max Eleven any questions, nor did he respond to the Max Eleven email at all, as that email explicitly stated that the QA Automation Engineer position for which Max Eleven was seeking applicants was limited to "H1B only." Max Eleven sent its "H1B Only" email sua sponte, and not in response to any question(s) from Mr. Taub.

Mr. Taub ultimately applied to a Software QA Engineer position directly with Tesla on August 29, 2025, almost two years after receiving the Max Eleven email. Dkt. 1 ¶ 36.

Mr. Taub provides these facts for the Court's edification and in the interest of efficiency. Mr. Taub respectfully submits that he should be afforded an opportunity to take discovery, in the very first instance, of Tesla's recruitment and staffing of engineering positions, in light of the allegations in the complaint.

b. <u>Defendant's Anticipated Discovery</u>

In its Order on Tesla's Motion to Dismiss or Strike, the Court found that Plaintiff alleged "just enough facts" to state a Section 1981 claim as a deterred applicant to the position described in the Max Eleven recruiter's email, based on Taub's joint employer allegations and the Max Eleven recruiter's "H-1B only" note in the email. Dkt. 44. The Court noted that the "allegations about the recruiter's email are sparse, and the copy of the email raises additional questions" about its context. *Id.* The Court found the Complaint's other allegations, including Taub's allegations related to his failed application to Tesla, "have no value." *Id.* The Court ruled, "Because only a small subset of the allegations supports the plaintiffs' claim, discovery shall be initially limited to the question of whether Taub himself was discriminated against on the basis of citizenship for the position advertised in the Max Eleven email." *Id.* The Court also dismissed Plaintiff Brander's claims.

During this initial limited discovery period, Tesla anticipates serving a deposition and document subpoena on Max Eleven. Tesla also anticipates serving written discovery requests on Taub and taking his deposition. The scope of this discovery will be limited to the allegations related to the position advertised in the Max Eleven email.

Tesla appreciates his counsel's proffer regarding the context of the email. Tesla will take discovery regarding those proffered facts and the circumstances that led the Max Eleven recruiter to send the email to Taub, among other things.

Tesla disagrees with Plaintiff's proposal to take discovery regarding "Tesla's recruitment and staffing of engineering positions" because it goes well beyond the "initial[] limited" discovery permitted by the Court's Order and seeks class discovery. *See also* Dkt. 44 ("potential problems with the class definition can be addressed at a later stage, including by way of discovery limits (if the case proceeds to class discovery at all)." Per the Court's Order, discovery is limited to "the question of whether Taub himself was discriminated against on the basis of citizenship for the position advertised in the Max Eleven email."

c. **Proposed Discovery Plan**

*See* Paragraph 15, *infra*.

9. <u>Class Actions</u>: All attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

 a. <u>Plaintiff's Statement</u>

Plaintiff proposes scheduling the class certification motion for March 5, 2027.

 b. <u>Defendant's Statement</u>

Tesla proposes that the Court refrain from setting class certification deadlines, if any, until the initial discovery period related to Max Eleven is complete and, as applicable, the Court rules on any summary judgment motion that Tesla may file with respect to that threshold issue.

10. <u>Related Cases</u>: None.

11. <u>Relief</u>:

 a. <u>Plaintiff's Statement</u>

As stated more fully in Plaintiffs' Prayer for Relief, Plaintiff and the putative class seek equitable, compensatory, and punitive damages, as well as declaratory and injunctive relief, attorneys' fees, and costs. Plaintiff states that the method for calculating damages is set forth in the Ninth Circuit Model Civil Jury Instructions § 5. Plaintiff believes a calculation of damages is premature prior to discovery.

 b. <u>Defendant's Statement</u>

Defendant denies that Plaintiffs and any putative class member are entitled to any relief whatsoever.

12. <u>Settlement and ADR</u>: The Parties have complied with ADR L.R. 3-5. The Parties have not yet engaged in mediation or settlement discussions and believe that settlement discussions are premature. Plaintiff believes that data discovery will be necessary to position him to potentially negotiate a resolution of this class action—e.g., data concerning the citizenship and visa status of Tesla's hires, contractual employees, and terminated employees. For the reasons noted above, Tesla believes any such "data discovery," for settlement purposes or otherwise, is premature and potentially moot.

13. <u>Other References</u>: The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. <u>Narrowing of Issues</u>: The Parties believe that some issues may be narrowed by agreement or by motion, including a ruling on Plaintiffs' forthcoming motion for class certification (if applicable), but that a determination of such issues is premature at this time.

15. <u>Scheduling</u>: The Parties propose below competing schedules. Plaintiff's proposed schedule assumes the Court is inclined to afford Plaintiff discovery concerning Tesla's recruitment and staffing of engineer positions.  If the Court is disclined to afford Plaintiff at this juncture discovery of this scope and is more inclined to focus initial discovery narrowly on the Max Eleven email, Plaintiff agrees with Tesla's proposed schedule.

<u>Plaintiffs' Proposed Schedule</u>

| Event | Proposed Deadline |
|---|---|
| Deadline to Amend Pleadings | May 15, 2026 |
| ADR | May 28, 2026 |
| Further Case Management Conference (via Zoom) | December 11, 2026 |
| Close Fact Discovery | January 8, 2027 |
| Plaintiffs' Class Certification Motion & Initial Expert Disclosures and Reports | March 5, 2027 |
| Dispositive Motions | March 5, 2027 |
| Defendants' Class Certification Opposition & Rebuttal Expert Disclosures and Reports | April 2, 2027 |
| Dispositive Motion Oppositions | April 2, 2027 |
| Plaintiffs' Class Certification Reply & Rebuttal Expert Disclosures and Reports | April 23, 2027 |
| Dispositive Motion Replies | April 23, 2027 |
| Hearing on Class Certification and Dispositive Motions | June 3, 2027 |
| Pre-trial Conference | August 31, 2027 |
| Trial | September 13, 2027 |

Defendant's Proposed Schedule

Tesla proposes that the Court set deadlines only related to the initial discovery period at this time because the Max Eleven-related discovery may ultimately result in termination of the case (either through a voluntary dismissal in keeping with Rule 11 or a summary judgment order). Tesla proposes the following schedule.

| Event | Proposed Deadline |
|---|---|
| Deadline to Amend Pleadings | May 15, 2026 |
| Further Case Management Conference | May 22, 2026 |
| Close of Initial Discovery Period re Max Eleven | June 12, 2026 |
| Deadline for Telsa to file MSJ re Taub's Individual Claims | June 26, 2026 |
| MSJ Opposition Brief | July 17, 2026 |
| MSJ Reply Brief | July 31, 2026 |
| Hearing on MSJ | August 20, 2026 at 10:00 a.m. |

If the Court is included to set a full schedule at this time, Tesla proposes the following schedule:

| Event | Proposed Deadline |
|---|---|
| Deadline to Amend Pleadings | May 15, 2026 |
| Further Case Management Conference | May 22, 2026 |
| Close of Initial Discovery Period re Max Eleven | June 12, 2026 |
| Deadline for Telsa to file MSJ re Taub's Individual Claims | June 26, 2026 |
| MSJ Opposition Brief | July 17, 2026 |
| MSJ Reply Brief | July 31, 2026 |
| Hearing on MSJ | August 20, 2026 at 10:00 a.m. |
| Plaintiff's Class Cert. Expert Reports | May 28, 2027 |
| Defendant's Rebuttal Expert Reports | June 25, 2027 |
| Close of Class Certification Expert Discovery | July 9, 2027 |
| Motion for Class Certification | Motion: July 23, 2027 |

|  |  |
|---|---|
|  | Opposition: August 20, 2027 |
|  | Reply: September 3, 2027 |
| Hearing on Class Certification | September 23, 2027 |
| Close Fact Discovery | February 11, 2028 |
| Close Expert Discovery | March 10, 2027 |
| Dispositive Motion Deadline | May 5, 2028 |
| Pre-trial Conference | July 18, 2028 |
| Trial | July 31, 2028 |

16. <u>Trial</u>: The case will be tried to a jury. Plaintiff anticipates that, if one or more classes are certified, trial shall last approximately two weeks.

Defendant believes it is premature to approximate the length of any trial in this action. Defendant also believes the Court should address a trial schedule only after it rules on any motion to certify a class.

17. <u>Disclosure of Non-Party Interested Entities or Persons</u>:

Plaintiff filed his "Certification of Interested Entities or Persons" required by Civil L.R. 3-15 on December 1, 2025 (Dkt. 23). Other than the named parties (including putative class members) and counsel there is no known (i) financial interest (of any kind) in the subject matter in controversy or in a party to the proceedings; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceedings to report.

Defendant filed its Disclosure of Conflicts, Interested Entities and Persons, and Citizenship on December 2, 2025 (Dkt. 25).

18. <u>Professional Conduct</u>: Counsel for all parties have reviewed and will abide by the Guidelines for Professional Conduct for the Northern District of California.

19. <u>Such Other Matters As May Facilitate the Just, Speedy, and Inexpensive Disposition of this Matter</u>: The Parties do not wish to raise at this time other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: March 6, 2026 | Respectfully submitted, |
| 3 | | By: /s/Daniel Low |
| | | Daniel Low, SBN 218387 |
| 4 | | Daniel Kotchen (*pro hac vice*) |
| 5 | | **KOTCHEN & LOW LLP** |
| | | 1918 New Hampshire Avenue NW |
| 6 | | Washington, DC 20009 |
| 7 | | Telephone: (202) 471-1995 |
| | | Email: dlow@kotchen.com |
| 8 | | Email: dkotchen@kotchen.com |
| 9 | | *Attorney for Plaintiff and the Class* |
| 10 | Dated: March 6, 2026 | MORGAN, LEWIS & BOCKIUS LLP |

<br>

By    /s/ *Brian D. Berry*
      Brian D. Berry
      Roshni C. Kapoor
      Ashlee Cherry
      Attorneys for Defendant
      TESLA, INC.

## **ATTESTATION**

In accordance with Civ. L.R. 5.1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other Signatories, which shall serve in lieu of their signatures on the document.

DATED: March 6, 2026

By:   /s/Daniel Low
     Daniel Low