MORGAN, LEWIS & BOCKIUS LLP
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Roshni C. Kapoor, Bar No. 310612
roshni.kapoor@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA 94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Jonathan D. Lotsoff
jonathan.lotsoff@morganlewis.com
110 North Wacker Drive
Chicago, IL 60606-1511
Tel:    +1.312.324.1000
Fax:    +1.312.324.1001

Attorneys for Defendant
TESLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SCOTT TAUB and SOFIA BRANDER,<br><br>                    Plaintiffs,<br><br>       vs.<br><br>TESLA, INC.,<br><br>                    Defendant. | Case No. 3:25-cv-07785-VC<br><br>**DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>FOR EMPLOYMENT DISCRIMINATION CLASS ACTION<br>DEMAND FOR JURY TRIAL |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT
CASE NO. 3:25-CV-07785-VC

Pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant TESLA, INC. ("Defendant") responds to Plaintiff SCOTT TAUB's ("Plaintiff") Complaint as follows:[1]

## NATURE OF THE ACTION

1. Tesla admits that it was founded in 2003 and that it has operations in the United States and other nations. Tesla further admits that, among other things, it designs, manufactures, and sells electric vehicles and energy generation and storage products, and that it is known for its advanced and innovative technologies, including but not limited to what is currently known as Traffic Aware Cruise Control and Full Self-Driving (Supervised) features in its vehicles. Tesla denies the remaining allegations in Paragraph 1 of the Complaint.

2. Tesla admits that it employs over 120,000 employees as of December 31, 2025, in a wide range of roles, including but not limited to engineering, manufacturing, design, sales, customer service, finance, and Human Resources roles. Tesla denies the remaining allegations in Paragraph 2 of the Complaint.

3. Tesla admits it is an Equal Employment Opportunity employer and when hiring for a job opening, it considers applicants, who may be United States citizens, legal permanent residents, or visa-holders, in accordance with the law. Tesla denies the remaining factual allegations in Paragraph 3 of the Complaint, and it need not respond to the legal conclusions.

4. Tesla admits that the Complaint purports to seek, on behalf of Plaintiff Taub and putative class members, declaratory, injunctive, and other equitable relief, compensatory and punitive damages, including pre- and post-judgment interest, attorneys' fees, and costs. The remaining allegations in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required, but to the extent a response is required, Tesla denies those allegations.

## PARTIES

5. Tesla lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5 of the Complaint.

---

[1] Plaintiff Sofia Brander's claim was dismissed on February 23, 2026, as explained in this Court's Order Denying in Part and Granting in Part Motion to Dismiss and Strike Class Allegations.

6. No answer is required according to the Court's order dated February 23, 2026, dismissing Plaintiff Sofia Brander's claims.

7. Tesla admits that Tesla's business includes automotive and energy generation and storage segments, and that currently it is incorporated in Texas and is headquartered in Austin, Texas (but that prior to June 2024, Tesla was incorporated in California). Tesla also admits that it has factories, including what it calls Gigafactories, and stores/showrooms/galleries where it sells products to customers, in the United States and in certain other countries. Tesla also admits that it is currently considered one of the most valuable automakers globally as measured by market capitalization. Tesla denies the remaining allegations in Paragraph 7 of the Complaint.

## JURISDICTION

8. The allegations in Paragraph 8 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Tesla admits that this Court has jurisdiction over the claims in this action. Tesla denies any remaining allegations in Paragraph 8 of the Complaint.

9. The allegations in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Tesla admits that this Court has jurisdiction over the claims in this action. Tesla denies any remaining allegations in Paragraph 9 of the Complaint.

10. The allegations in Paragraph 10 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Tesla admits that this Court has personal jurisdiction over Tesla in this action. Tesla denies any remaining allegations in Paragraph 10 of the Complaint.

## VENUE

11. The allegations in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Tesla admits that venue for Plaintiff's claims is proper in this Court. Tesla denies any remaining allegations in Paragraph 11 of the Complaint.

/ / /

**DIVISIONAL ASSIGNMENT**

12. The allegations in Paragraph 12 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Tesla admits that assignment in this Division is proper. Tesla denies any remaining allegations in Paragraph 12 of the Complaint.

**STATEMENT OF FACTS**

13. Tesla admits its business includes automotive and energy generation and storage segments. Tesla also admits the allegations in the second and third sentence of Paragraph 13 in the Complaint. Tesla denies the remaining allegations in Paragraph 13 of the Complaint.

14. Tesla admits that it employs designers, engineers, and modelers, some of whom work on teams and help develop one or more of its products, and that employees in such roles may work at Tesla's headquarters in Austin, Texas, Engineering Headquarters in Palo Alto (California), and its design studio in Hawthorne (California). Tesla denies the remaining allegations in Paragraph 14 of the Complaint.

15. Tesla admits the allegations in Paragraph 15 of the Complaint.

16. Tesla admits that it sells products directly to customers through its websites, stores and galleries. Tesla also admits that it has hundreds of stores/showrooms/galleries, service centers, super chargers, and collision centers in the United States. Tesla denies the remaining allegations in Paragraph 16 of the Complaint.

17. Tesla admits that in its United States Securities and Exchange Commission Form 10-K for the fiscal year ending December 31, 2024, Tesla reported that it recognized total revenue of $97.69 billion from total automotive revenue of $77.07 billion, energy generation and storage revenue of $10.086 billion, and "services and other" revenue of $10.534 billion. Tesla denies the remaining allegations in Paragraph 17 of the Complaint.

18. Tesla admits that over the years, it has grown rapidly around the globe and that it is recognized as a leader in the electric vehicle ("EV") market. Tesla admits that according to some sources, Tesla's Model Y, a compact sport utility vehicle, was the world's best-selling automobile in 2023, and the United States' top-selling EV in in 2024 and fourth best-selling car. Tesla denies the remaining allegations in Paragraph 18 of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT
CASE NO. 3:25-CV-07785-VC

19. Tesla admits that its production capacity has expanded over time: in 2020, Tesla began production of its Model Y vehicle; in April 2022, Tesla opened its Austin, Texas Gigafactory; in 2022, Tesla began early production of the Tesla Semi, a commercial EV; in 2022, Tesla opened its Megafactory in Lathrop; in 2023, Tesla announced its global Engineering Headquarters would be in Palo Alto, California. Tesla denies the remaining allegations in Paragraph 19 in the Complaint.

20. Tesla admits it has hired thousands of employees in the United States since 2021, that it had approximately 50,000 US employees in 2021 and has approximately 84,000 US employees currently. Tesla also admits that its U.S. employees fill a wide range of roles, including but not limited to engineering, manufacturing, design, sales, customer service, finance, and Human Resources roles. Tesla denies the remaining allegations in Paragraph 20 of the Complaint.

21. Tesla denies the allegations in Paragraph 21 of the Complaint.

22. Tesla denies that it prefers to hire visa employees over U.S. citizens, despite their availability in the labor market. Telsa denies that it can or does pay visa employees less than American workers or engages in "wage theft." Tesla denies that visa employees are often indentured to their employer. The remaining allegations of Paragraph 22 are legal conclusions to which no response is required, but, to the extent a response is required, Tesla denies those allegations except admits that the use of H-1B visas is governed by federal law which speaks for itself.

23. Tesla admits applicants can apply to Tesla through its website and that at least some job applications currently ask the applicant "Will you now or in the future require immigration sponsorship for employment with Tesla?" Tesla denies the remaining allegations in Paragraph 23 of the Complaint.

24. Tesla admits it recruits and hires candidates using its own recruiters. Tesla denies the allegations in the second sentence of Paragraph 24. Tesla lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 24, and it need not respond to the legal conclusions in Paragraph 24.

/ / /

25. Tesla denies the allegations in Paragraph 25 of the Complaint except admits that it employs recruiters to recruit and hire employees and that, at certain times, Tesla works with certain third-party companies to source contingent workers.

26. The first sentence of Paragraph 26 constitutes a legal conclusion to which no response is required. Tesla admits that the articles cited in Footnote 2 of Paragraph 26 purport to offer various statistics about the United States workforce, but Tesla lacks knowledge or information sufficient to admit or deny the allegations and analysis in the second sentence and in Footnote 2 of Paragraph 26. Tesla denies the allegations in the third/last sentence of Paragraph 26 and all remaining allegations in Paragraph 26.

27. Tesla admits that the U.S. Citizenship and Immigration Services ("USCIS"), including at its "H-1B Employer Data Hub" website linked in Footnote 3 of Paragraph 27, publishes certain data regarding Tesla and other employers' submissions relating to the employment of H-1B nonimmigrant workers, and that data speaks for itself. Tesla lacks sufficient information to admit or deny the allegations and analysis of H-1B data in Paragraph 27 of the Complaint. Tesla denies the remaining allegations in Paragraph 27.

28. Tesla admits that the USCIS publishes certain data regarding Tesla and other employers' submissions relating to the employment of H-1B nonimmigrant workers, and that data speaks for itself. Tesla admits that according to some sources online that purport to analyze USCIS data, prior to 2024, Tesla was not a top 25 recipient of H-1B visas, but in 2024, it ranked 16th overall in terms of employers receiving approvals of H-1B petitions for initial employment. Tesla lacks sufficient information to admit or deny truth of the allegations set forth in such sources. Tesla also admits that it reduced its workforce by several thousands of workers in the United States in 2024. Tesla denies the remaining allegations in Paragraph 28 of the Complaint.

29. The first sentence of Paragraph 29 constitutes a legal conclusion for which no response is required. Tesla admits that the U.S. Department of Labor publishes data regarding PERM applications at the website cited in Footnote 5 in Paragraph 29, and that data speaks for itself. Tesla denies the remaining allegations in Paragraph 29 of the Complaint.

30. Tesla denies the allegations in Paragraph 30 of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT
CASE NO. 3:25-CV-07785-VC

31. Tesla admits that the picture in Paragraph 31 purports to portray a December 27, 2024, social media post made by Tesla's co-founder and CEO, Elon Musk, on the social media platform X, formerly known as Twitter. Tesla denies the remaining allegations in Paragraph 31 of the Complaint.

32. Tesla lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 32 of the Complaint.

33. Tesla lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Complaint.

34. Tesla lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 34 of the Complaint.

35. Tesla lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 35 of the Complaint.

36. Tesla admits that on August 29, 2025, Plaintiff applied to a job opening for Software QA Engineer, Infotainment, Vehicle Software, Requisition ID 249680, which was listed on Tesla's website as a full-time job in Palo Alto, California, focused on User Interface Software. The application included the question, "Will you now or in the future require immigration sponsorship for employment with Tesla?," to which Taub answered "no."

37. Tesla admits that Plaintiff Taub was not interviewed or hired for Requisition ID 249680. Tesla denies the remaining allegations in Paragraph 37 of the Complaint.

38. Tesla denies the allegations in Paragraph 38 of the Complaint.

39. No answer is required according to the Court's order dated February 23, 2026, dismissing Plaintiff Sofia Brander's claims.

40. No answer is required according to the Court's order dated February 23, 2026, dismissing Plaintiff Sofia Brander's claims.

41. No answer is required according to the Court's order dated February 23, 2026, dismissing Plaintiff Sofia Brander's claims.

42. No answer is required according to the Court's order dated February 23, 2026, dismissing Plaintiff Sofia Brander's claims.

43.   No answer is required according to the Court's order dated February 23, 2026, dismissing Plaintiff Sofia Brander's claims.

44.   No answer is required according to the Court's order dated February 23, 2026, dismissing Plaintiff Sofia Brander's claims.

45.   No answer is required according to the Court's order dated February 23, 2026, dismissing Plaintiff Sofia Brander's claims.

46.   No answer is required according to the Court's order dated February 23, 2026, dismissing Plaintiff Sofia Brander's claims.

## CLASS ACTION ALLEGATIONS

47.   Tesla admits that Plaintiff Taub purports to bring this case as a class action under Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3), and (c)(4) on behalf of himself and putative class members as described in Paragraph 47 of the Complaint. Tesla denies the remaining allegations in Paragraph 47 of the Complaint.

48.   The allegations in Paragraph 48 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Tesla denies those allegations.

49.   The allegations in Paragraph 49 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Tesla denies those allegations.

50.   The allegations in Paragraph 50 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Tesla denies those allegations.

51.   The allegations in Paragraph 51 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Tesla denies those allegations.

52.   The allegations in Paragraph 52 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Tesla denies those allegations.

53.   The allegations in Paragraph 53 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Tesla denies those allegations.

54.   The allegations in Paragraph 54 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Tesla denies those allegations.

/ / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT
CASE NO. 3:25-CV-07785-VC

55. The allegations in Paragraph 55 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Tesla denies those allegations.

## COUNT I

### Disparate Treatment on the Basis of Citizenship in Violation of 42 U.S.C. § 1981

### (On behalf of Plaintiffs and the Class)

56. Tesla restates and incorporates by reference its answers to Paragraphs 1-55 of the Complaint as if fully set forth herein.

57. Tesla admits that Plaintiff Taub purports to bring a claim for discrimination on behalf of himself and putative class members. Tesla denies the remaining allegations in Paragraph 57 of the Complaint.

58. The allegations in Paragraph 58 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Tesla denies those allegations.

59. The allegations in Paragraph 59 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Tesla denies those allegations.

60. The allegations in Paragraph 60 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Tesla denies those allegations.

## PRAYER FOR RELIEF

Tesla denies Plaintiff and the putative class are entitled to any relief whatsoever and further deny each and every one of the allegations and statements contained in the prayer for relief section of the Complaint.

## JURY TRIAL DEMAND

Tesla admits the Complaint purports to request a trial by jury. Tesla denies Plaintiff is entitled to a jury trial on some or all of his claims.

## AFFIRMATIVE AND OTHER DEFENSES

Tesla states that the defenses included in this Answer are set forth without representing or conceding that Tesla has the burden of proof or that the defenses necessarily constitute "avoidances" or "affirmative defenses" within the meaning of Federal Rule of Civil Procedure 8(c) or any other applicable rule or law. No defense in this Answer shall be deemed an affirmative

defense unless failure to assert the defense will result in waiver thereof. Tesla also reserves the right to assert additional defenses and matters in avoidance that may be disclosed by additional investigation and discovery.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint and each alleged claim therein fail to state a claim upon which relief can be granted against Tesla.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by all applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(But-For Causation)**

Plaintiff's claims are barred because citizenship was neither a cause of nor the "but-for" cause of an adverse employment action under 42 U.S.C. § 1981.

**FOURTH AFFIRMATIVE DEFENSE**

**(Legitimate, Non-Discriminatory Reasons)**

Plaintiff's claims are not actionable because Tesla's actions were justified by legitimate, non-discriminatory, and non-pretextual business reasons, and were based on reasonable factors other than those proffered by Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

Plaintiff's claims and the claims of putative class members are barred, in whole or in part, by the doctrine of after-acquired evidence.

/ / /

/ / /

/ / /

/ / /

## SIXTH AFFIRMATIVE DEFENSE

### (No Damages or Injury)

Plaintiff's claims and the claims of putative class members are barred, in whole or in part, because they have not suffered any damage or injury by any acts, events or occurrences alleged in the Complaint, whether or not attributable to Tesla.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims and the claims of putative class members are barred, in whole or in part, by the doctrine of accord and satisfaction, and payment.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Release and/or Waiver)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent that such claims have been waived, released, discharged, and/or abandoned.

/ / /

/ / /

/ / /

**TWELFTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent Plaintiff and/or alleged members of the putative class action lack standing to bring claims, either in an individual or class capacity.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Uncertainty)**

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, because the Complaint is uncertain in that the purported class definition(s) are vague and ambiguous and conclusory and uncertain.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Ascertainable Class)**

The purported class that Plaintiff purports to represent, the existence of which is expressly denied, are not ascertainable and, thus, no well-defined community of interest exists among the purported members.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Class Action Not Superior Method of Adjudication)**

The alleged claims are barred, in whole or in part, from proceeding as a class action, because a class action is not a superior method for adjudicating this dispute.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Bankruptcy)**

To the extent that Plaintiff or any of the alleged putative class members fails or has failed to identify their claims in bankruptcy, such allegedly aggrieved individuals lack standing and/or their claim must be judicially estopped/barred.

/ / /

/ / /

/ / /

/ / /

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Fault of Others/Comparative Fault)**

Plaintiff's claims and the claims of putative class members are barred because any damages, losses or liability that Plaintiff has alleged, if they exist at all, were proximately caused or contributed to by the conduct of or attributable to others, not Tesla.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Not Appropriate for Class Action)**

The Complaint, and each purported claim for relief alleged, is not proper for treatment as a class action under Rule 23 because, among other reasons: (a) Plaintiff cannot establish commonality of claims; (b) Plaintiff cannot establish typicality of claims; (c) Plaintiff cannot establish the requisite numerosity; (d) the individualized nature of the asserted claims predominate; and (e) to the extent Plaintiff is an inadequate representative of the purported class.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Due Process)**

If this Court were to certify this action as a class action, which it should not, any award of liquidated, multiple or punitive damages would deny Tesla the due process of law.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Agreement to Arbitrate)**

Plaintiff's claims and the claims of putative class members are barred, in whole or part, to the extent that Plaintiff or any putative class member agreed or agrees to arbitrate the claims alleged in the Complaint, and/or to waive the right to pursue such claims on an individual, class, or representative basis.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages and Avoidable Consequences)**

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, because Plaintiff and/or the others he seeks to represent have not appropriately or adequately mitigated their alleged damages, if any. The damages and the sought-after penalties of Plaintiff and the others he seeks to represent, if any, must be reduced because Plaintiff

and the others they seek to represent failed to take advantage of any preventative or corrective safeguards or otherwise to avoid harm.

## RESERVATION OF RIGHTS

Tesla expressly reserves the right to assert such additional defenses that may prove applicable during the course of this litigation.

Dated: March 9, 2026

MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Roshni C. Kapoor*
Brian D. Berry
Jonathan D. Lotsoff
Roshni C. Kapoor
Ashlee N. Cherry

Attorneys for Defendant
TESLA, INC.

DB2/ 651894388