KOTCHEN & LOW LLP
Daniel Low, Bar No. 218387
dlow@kotchen.com
Daniel Kotchen (*pro hac vice*)
dkotchen@kotchen.com
712 H Street NE, #806
Washington, DC 20002
Tel: +1.202.471.1995
Fax: +1.202.280.1128

Attorney for Plaintiff
SCOTT TAUB

MORGAN, LEWIS & BOCKIUS LLP
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Roshni C. Kapoor, Bar No. 310612
roshni.kapoor@morganlewis.com
600 Montgomery Street, Suite 2300
San Francisco, CA 94111-2725
Tel: +1.415.442.1000
Fax: +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel: +1.650.843.4000
Fax: +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Jonathan D. Lotsoff (*pro hac vice*)
jonathan.lotsoff@morganlewis.com
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
Tel: +1.312.324.1000
Fax: +1.312.324.1001

Attorneys for Defendant TESLA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SCOTT TAUB,

Plaintiff,

v.

TESLA, INC.,

Defendant.

Case No. 3:25-cv-07785-VC

**JOINT STIPULATION TO CONTINUE FACT DISCOVERY CUT-OFF DATE AND [PROPOSED] ORDER**

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Scott Taub ("Plaintiff") and Defendant Tesla, Inc. ("Defendant" or "Tesla") (together, the "Parties"), by and through their undersigned counsel, hereby stipulate and respectfully request that the Court continue the current fact discovery cut-off date from September 14, 2026, to December 18, 2026 (approximately three months), or to a later date convenient for the Court. Additionally, because no trial date has been set, the Parties also respectfully request a continuance of all related deadlines in the Court's Scheduling Order (Dkt. 50), including the dispositive motion filing and hearing deadlines.

**Good cause exists to extend the case schedule for the following reasons:**

1. On September 12, 2025, Plaintiff Scott Taub and former Plaintiff Sofia Brander filed this lawsuit alleging that Tesla violated 42 U.S.C. § 1981 by declining to hire them because they are U.S. citizens, and asserted a putative class claim on behalf of themselves and all similarly situated U.S. citizens who (in relevant part) applied for roles with Tesla in the United States, either directly or through a third-party vendor, and were not hired for such roles. ECF No. 1.

2. On November 7, 2025, Tesla moved to dismiss and/or to strike Plaintiffs' claims ECF No. 17, which the Court heard on February 5, 2026, ECF No. 38.

3. On February 23, 2026, the Court issued an order, denying in part and granting in part Tesla's motion, and stating that "discovery shall be initially limited to the question of whether Taub himself was discriminated against on the basis of citizenship for the position advertised in the Max Eleven email." ECF No. 44.

4. During the Initial Case Management Conference on March 13, 2026, the Court set a September 14, 2026 deadline for fact discovery concerning Plaintiff Taub's individual claim relating to the Quality Assurance Engineer position. ECF No. 50.

5. Since the Court's ruling, the Parties have diligently pursued discovery with respect to each other and third parties:

   a. The Parties served their respective initial written discovery requests to each

other in March 2026, and they exchanged initial responses and objections on May 15, 2026. Plaintiff served a second set of Requests for Production on June 2, 2026 to which Tesla served responses and objections on July 2, 2026.

b. On March 20, 2026, Tesla issued a subpoena to Max Eleven LLC (the staffing subcontractor whose Indian affiliate sent the September 15, 2023 "Max Eleven email" referenced above and cited in Plaintiff Taub's Complaint), to which Max Eleven LLC responded on April 2, 2026. Max Eleven LLC produced documents including but not limited to: a Master Services Agreement between Max Eleven LLC and ArrowCore Group, LLC ("ArrowCore"); a Master Contract Agreement between Max Eleven LLC and its Indian affiliate Max Eleven; and materials pertaining to Max Eleven's employment of recruiter Aditya Sainik, the sender of the "Max Eleven email" referenced above.

c. On or about June 2, 2026, Plaintiff issued a subpoena to ArrowCore (a Tesla staffing vendor that subcontracted with Max Eleven LLC), to which Tesla objected. The Parties filed a Joint Discovery Dispute Letter regarding the ArrowCore subpoena on June 30, 2026, ECF No. 56, and the Court overruled Tesla's objections without comment on July 8, 2026, ECF No. 56, 57.

d. On or about July 1, 2026, ArrowCore responded to Plaintiff's subpoena, producing documents including but not limited to contractual agreements with Tesla and communications with Tesla personnel regarding candidates for the Quality Assurance Engineer position. ArrowCore limited its production to documents that related to the September 15, 2023 "Max Eleven email," and did not produce ESI responsive to the requests, as written.

e. The Parties have continued to confer regarding the scope of Tesla's responses and objections to Plaintiff's Requests for Production, and they are in the process of preparing a joint letter(s) to the Court setting forth their positions regarding certain disputes that they have been unable to resolve despite several conferrals.

f. Plaintiff produced responsive documents on May 15, and will supplement his production, as necessary. Tesla began its rolling productions of ESI on July 22, 2026, and

continues to produce responsive documents.

g. During July and August, the Parties also discussed Party depositions including potential dates, which are dependent in part on resolution of their disputes over document discovery. Counsel for Tesla initially contacted counsel for Plaintiff on July 1, 2026 to discuss available dates for Plaintiff's deposition, and Plaintiff's counsel inquired about scheduling of a 30(b)(6) deposition. On August 4, 2026, in accordance with Local Rule 30-1, Plaintiff provided Tesla with a set of proposed topics for a Rule 30(b)(6) deposition and asked to confer with Tesla regarding its availability for the deposition. Tesla responded with objections, proposed limits, and questions regarding the proposed topics on August 15, 2026. The Parties are conferring on those topics and anticipate filing a joint dispute letter regarding certain topics and/or incorporating disputed issues into a joint letter that concerns document requests on related topics. The Parties also have tentatively confirmed August 31, 2026 for Plaintiff Taub's deposition *if* the Court does not grant the discovery extension requested herein, but respectfully request this extension in part to address other discovery issues before that deposition is taken and to try coordinating deposition logistics with Plaintiff's deposition and the Rule 30(b)(6) deposition, given that Plaintiff and his counsel do not reside in California.

h. Additionally, on August 6, 2026, Tesla filed a Motion for Issuance of Letter of Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters in obtaining the deposition of Aditya Sainik, a resident and citizen of India and, as noted, the sender of the Max Eleven email cited in the Complaint. ECF No. 59. That Motion remains pending and has a hearing date set for September 10, 2026. If the Court grants the motion, it may still take several additional months to coordinate the deposition through Indian authorities.[1]

---

[1] *See, e.g.*, *Terran Biosciences, Inc. v. Compass Pathfinder Ltd.*, 2025 WL 1928014, at *17 (D. Md. July 11, 2025) ("[T]he procedures of the Hague Evidence Convention 'are time-consuming,' and a letter of request may 'linger for some six months to a year before execution.'" (quoting Joseph M. Makalusky, Hague Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters, MASS. BAR. ASS'N, available at https://perma.cc/V2BN-NWAN)); *see also* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html (discussing that the similar process for obtaining a letter rogatory "may take a year or more").

i. Further, Plaintiff believes that ArrowCore has additional documents responsive to his subpoena that remain unproduced and continues to work to secure a complete production from ArrowCore.

6. As set forth above, the Parties have worked diligently on fact discovery as to Plaintiff's individual claims. However, given the outstanding discovery disputes pertaining to Plaintiff's Requests for Production and the number of remaining witness depositions, including the deposition of a key foreign national witness, Aditya Sainik, the existing fact discovery deadline cannot reasonably be met.

7. The requested brief extension of approximately three (3) months should allow the Parties to complete fact discovery with respect to domestic issues and are hopeful that the deposition of Sainik under Indian law will be completed in that time as well.[2]

8. The Parties jointly request this extension in good faith and not for purposes of delay. No Party will suffer prejudice because of the requested modification.

9. The requested extension is reasonable considering the remaining discovery needed, and it will promote the efficient resolution of this litigation by permitting completion of discovery before dispositive motions.

For the foregoing reasons, the Parties respectfully request that the Court find good cause under Rule 16(b)(4), modify the Scheduling Order by extending the fact discovery cutoff to December 18, 2026 (or such other date as the Court deems appropriate), and continue all related deadlines established by the Scheduling Order accordingly.

**IT IS SO STIPULATED.**

[2] As noted above, neither Party can predict how long it may take to secure and take the deposition of Mr. Sainik in India if and when Tesla's requested Letter of Request is granted, transmitted to, and approved by the relevant Indian authority, but there appears to be a reasonable chance that it may take longer than the fact discovery extension period requested.

Dated: August 20, 2026

KOTCHEN & LOW LLP

By: */s/ Daniel Kotchen*
Daniel Kotchen
Lindsey Grunert

Attorneys for Plaintiff
SCOTT TAUB

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Brian D. Berry*
Brian D. Berry
Jonathan D. Lotsoff
Roshni C. Kapoor
Ashlee N. Cherry

Attorneys for Defendant
TESLA, INC.

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(i)(3) regarding signatures, I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the document's content, and have authorized the filing.

Dated: August 20, 2026

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Brian D. Berry*
Brian D. Berry
Jonathan D. Lotsoff
Roshni C. Kapoor
Ashlee Cherry

Attorneys for Defendant
TESLA, INC.

**[PROPOSED] ORDER**

Pursuant to the Parties' Stipulation, and for good cause appearing, the Court hereby approves the Parties' Joint Stipulation to Continue Fact Discovery Cut-Off Date and orders as follows:

1. The fact discovery cut-off date is continued to December 18, 2026; and

2. All other scheduling deadlines — including the Motion Filing Deadline of October 23, 2026 and related motion hearing on December 10, 2026 — shall be continued as follows:

- Dispositive Motion due by January 25, 2027
- Opposition to MSJ/Responses due by February 11, 2027
- Replies due by February 25, 2027
- Motion for Summary Judgment Hearing set for March 18, 2027 at 10:00 a.m.

**IT IS SO ORDERED.**

DATED: ____________________ ________________________________

HON. VINCE CHHABRIA

UNITED STATES DISTRICT JUDGE